IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22 CV 100 MOC WCM

| | |
|---|---|
| MOUNTAIN PROJECTS, INC. | ) |
| Plaintiff, | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| v. | ) |
| HEATHER BOYD, | ) |
| Defendant. | ) |

This matter is before the court on Plaintiff's Motion to Remand (Doc. 9), which has been referred to the undersigned pursuant to 28 U.S.C. §636 for the entry of a recommendation.

I. **Procedural Background**

On April 21, 2022, Plaintiff Mountain Projects, Inc. ("Plaintiff") filed suit against Defendant Heather Boyd ("Defendant") in the Superior Court of Haywood County, North Carolina. Doc. 1-2 at 4-25.

At the time the Complaint was filed, Plaintiff also propounded its First Set of Interrogatories and Request for Production of Documents to Defendant. Id. at 26-41.

In addition, Plaintiff issued subpoenas to various third parties (the "Subpoenas"). See Doc. 1-2 at 42-28; 55-58; 65-70; 71-77; 84-88; 89-94; 101-105; 112-116; 132-137.

1

Thereafter, Defendant filed motions seeking to quash some of the Subpoenas ("Motions to Quash"). See Doc. 1-2 at 51-54; 61-64; 80-83; 108-111; 119-121. Similarly, certain of the third parties objected to the Subpoenas, see Doc. 1-2 at 127-131 (objection by Telamon Corporation), or filed a Motion to Quash. See Doc. 1-2 at 97-100 (Motion to Quash filed by Tara Abshire).

Plaintiff contends that the Motions to Quash were scheduled to be heard by the state court on the morning of Monday, May 23, 2022; a notice of hearing and calendar request to that effect, with certificates of service showing that they were served on May 13, 2022, appears in the record. Id. at 146-149. These documents do not bear a file-stamp from the state court, however.

On Friday, May 20, 2022, Defendant removed the case to this court. Doc. 1.

On May 27, 2022, Plaintiff filed the Motion to Remand and a supporting memorandum. Docs. 9, 10. Defendant responded in opposition and Plaintiff advised that it did not intend to file a reply. Docs. 12, 13.

Defendant subsequently filed two amendments to her response, both on June 30, 2022. Docs. 16, 17. Sur-replies are not allowed under the Local Rules of this district without leave of court. LCvR 7.1(e). However, considering Defendant's *pro se* status and as Plaintiff has not moved to strike Defendant's

2

additional submissions, the undersigned has considered all of Defendant's filings related to the Motion to Remand.[1]

## II. Plaintiff's Allegations and Claims

In its Complaint, Plaintiff alleges that Defendant was hired as Plaintiff's Executive Director on or about October 20, 2020. Doc. 1-2 at 5.

Approximately one year later, on October 19, 2021, Defendant attended a meeting with her direct supervisor, Patsy Davis, to discuss Defendant's declining job performance. Doc. 1-2 at 7. Plaintiff alleges that Defendant "was belligerent, unprofessional, insubordinate, and rude" during that meeting, and that she was placed on paid administrative leave shortly thereafter. Id.

On Saturday, October 23, 2021, Defendant sent an email to Plaintiff requesting leave pursuant to the Family and Medical Leave Act ("FMLA"). Id. Plaintiff asked for additional information regarding Defendant's request, but that information was not provided. Id. at 8. Nevertheless, Plaintiff granted Defendant leave pursuant to the FMLA from October 25, 2021 through January 27, 2022. Id.

Plaintiff alleges that during the time Defendant was on FMLA leave, Plaintiff became aware that Defendant may be engaging in outside employment and other activities that were inconsistent with her employment

---

[1] Defendant has also filed a separate motion to dismiss, to which Plaintiff has responded and Defendant has replied. See Docs. 14, 15, 19.

3

by Plaintiff and the stated basis for her FMLA leave request. Consequently, Plaintiff sought additional information from Defendant regarding these activities. Id. at 8; 11-12.[2]

Plaintiff further alleges that while on FMLA leave, Defendant submitted fraudulent applications to the "HOPE Program," thereby subjecting Plaintiff to "potential legal liability" and engaged in business activities with other entities. Id. at 13-14.

Additionally, Plaintiff alleges that Defendant made false and defamatory statements regarding Plaintiff to third-parties, including an entity that had awarded a grant to Plaintiff, and that because of those statements, the entity canceled "the contract" with Plaintiff. Id. at 14-17.

Finally, Plaintiff alleges that Defendant made false and defamatory statements regarding Plaintiff to the North Carolina State Bureau of Investigation. Id. at 17-18.

Defendant resigned from her employment with Plaintiff in February of 2022. Id. at 10.

Plaintiff's Complaint asserts claims under state law for fraud; defamation, slander, and libel; malicious and tortious interference with contract; malicious prosecution; breach of contract; and punitive damages.

---

[2] Defendant did not provide the requested information but did request an additional period of leave pursuant to the FMLA. Doc. 1-2 at 9-10.

## III. Discussion

### A. The Parties' Positions on the Motion to Remand

In her Notice of Removal, Defendant asserted that this court has federal subject matter jurisdiction because "Defendant is protected through 5 U.S.C. § 2302(b)(8)." Doc. 1 at 2. She further stated:

> Under the [Whistleblower Protection Act], certain federal employees may not take or fail to take, or threaten to take or fail to take, any personnel action against an employee or applicant for employment because of the employee or applicant's protected whistleblowing. FLSA as defined by Regulations, 29 C.F.R. Part 541, as applied to executive employees, 29 U.S. Code Chapter 28 – Family and Medical Leave Act.
>
> Plaintiff alleges claims of Whistle Blowing, Violation of FMLA and Wages, which are Federal causes of action over which this Court has original federal question jurisdiction. 28 U.S.C. §1331.

Doc. 1 at 2.

Plaintiff argues that this matter should be remanded to state court because the Complaint "includes no Federal question" and because "there is no diversity of citizenship." Doc. 10 at 2.[3] Plaintiff further contends that Defendant removed the case to avoid and delay the state court hearing, scheduled for May 23, 2022, on the Motions to Quash the Subpoenas. Id.

---

[3] Plaintiff alleges that it is a North Carolina corporation with its principal place of business in North Carolina, and that Defendant is a citizen of North Carolina. Doc. 1-2 at 4.

5

Plaintiff also contends that Defendant should be taxed with the costs of the removal and remand, including attorneys' fees. Doc. 10 at 7.

In response, Defendant argues that she properly removed the case because "not only does the complaint discuss federal question, it was filed in retaliation to federally protected rights of the defendant." Doc. 12 at 1; see also Doc. 17 at 3 ("Plaintiff references FMLA, FLSA, Whistle Blower rights etc., all of which are federally protected rights"); Doc. 17 at 12. Defendant additionally requests that the court tax Plaintiff with costs, impose sanctions, or dismiss the case "for ethical violations and lack of competence for council." Doc. 12 at 1.

### B. Federal Subject Matter Jurisdiction

Pursuant to 28 U.S.C. §1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The burden of establishing jurisdiction lies with the removing party. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)).

Under 28 U.S.C. § 1331, "district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "In determining whether a claim arises under the laws of the United States, courts abide by the well-pleaded complaint rule, assessing whether the plaintiff's cause of action — as stated on the face of the complaint — has some

basis in federal law." Old Dominion Electric Cooperative v. PJM Interconnection, LLC, 24 F.4th 271, 279 (4th Cir. 2022), petition for cert. filed, 24 F.4th 271 (U.S. Apr. 21, 2022) (No. 21-1368) (internal quotations omitted). "The vast majority of such claims are those directly created by federal law, and a defense or counterclaim that raises a federal question is not an adequate basis for § 1331 jurisdiction." Id. (internal quotations omitted). Generally "[t]he 'mere presence of a federal issue in a state cause of action' is not enough to confer jurisdiction." See Burrell v. Bayer Corp., 918 F.3d 372, 380 (4th Cir. 2019) (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986).

Here, Plaintiff's Complaint asserts only state law claims, which do not raise federal questions and therefore, without diversity jurisdiction, must be heard by state courts. See Hunter v. Background Investigation Bureau, LLC, 1:19-cv-115-MOC-WCM, 2019 WL 2722187, at *2 (W.D.N.C. June 28, 2019) (remanding action to state court, "as Plaintiff has made clear that his only claim in the Complaint is a state law defamation claim") (citing Vander Linden v. Wilbanks, 128 F. Supp. 2d 900, 904 (D.S.C. 2000) ("The Fourth Circuit has found that libel and slander claims are state law claims and, absent diversity jurisdiction, should be heard by state courts")); Hubbard v. Charlotte-Mecklenburg Police Department, 3:07–CV–485–DCK, 2010 WL 3927486, at *12-13 (W.D.N.C. Oct. 5, 2010) (remanding state law claims, including malicious prosecution claim, to state court after no federal questions remained

7

beyond summary judgment); L-3 Communications Corp. v. Serco Inc., 39 F.Supp.3d 740, 748 (E.D. Va. Aug. 19, 2014) ("Federal jurisdiction is not conferred simply because a contract-driven claim involves federal regulations . . . or because the contracts are federal in nature") (internal quotes omitted).

Defendant's filings in response to the Motion to Remand are primarily focused on arguments regarding Plaintiff's recitation of the procedural history of this matter, alleged "defects" in the Complaint, and her contention that Plaintiff's counsel has violated the rules of civil procedure pertaining to discovery and service of process as well as various rules of professional conduct. Defendant has not, however, carried her burden of demonstrating that any federal issue exists, or identified a sufficient legal basis from which the court could determine that it may properly exercise subject matter jurisdiction over this case.

The Fourth Circuit has "recognized that state law complaints usually must stay in state court when they assert what appear to be state law claims." Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005) (collecting cases). As the parties' filings and applicable authorities indicate that Plaintiff's Complaint falls squarely in this category, the undersigned will recommend that this matter be remanded.

### C. The Parties' Requests for Sanctions and Costs

#### 1. Defendant's Request for Sanctions

As noted above, Defendant makes numerous, and serious, allegations regarding the conduct of Plaintiff's attorneys and requests that sanctions be imposed on them. See e.g., Doc. 12-1 at 27 (stating that Plaintiff's attorneys "have breached the codes of professional conduct should be disbarred, sanctioned personally and through their offices of law, and charged with the crimes they continue to commit.").

If Defendant is requesting that sanctions be imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendant's request is procedurally improper as it has not been made as a separate motion and does not comply with the prefiling requirements of the Rule. See Rule 11(c)(2) (such a motion "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)" and "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets"); see also Local Civil Rule 7.1(c)(2) (directing that motions not be included in responsive briefs and that each motion be set forth as a separately filed pleading).

Further, if Defendant is asking the District Court to exercise its inherent authority to sanction Plaintiff's counsel, the undersigned declines to

9

recommend such action. See Amended Order of Referral effective January 1, 2019, No. 3:11-mc-00025-MOC (directing that motions for sanctions sought under the court's inherent authority be considered by recommendation). To the extent Defendant complains of the conduct of Plaintiff's attorneys in connection with the filing of this litigation and their activities in state court prior to Defendant's removal of the matter, those issues may be addressed, as necessary, by the state court if the case is remanded as recommended, or by the North Carolina State Bar in response to the grievances Defendant represents she has filed with that entity.

To the extent Defendant contends that Plaintiff's attorneys have committed ethical violations in connection with their filings before this court subsequent to the removal of the case, the undersigned finds no basis for such a request for sanctions.

### 2. Plaintiff's Request for Fees

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). Consequently, 28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." An award of attorneys' fees is within the discretion of the court and,

10

Case 1:22-cv-00100-MOC-WCM   Document 20   Filed 08/09/22   Page 10 of 14

"[a]bsent unusual circumstances" courts may award attorneys' fees "only where the removing party lacked any objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

Here, as discussed above, Plaintiff's Complaint reveals no federal question that would support the exercise of subject matter jurisdiction. However, the Complaint does involve allegations pertaining to Defendant's request for leave pursuant to the FMLA and it appears that Defendant may have, at least in part, misread Plaintiff's Complaint to assert a federal claim. See Doc. 1 at 4 ("Plaintiff alleges claims of Whistle Blowing, Violation of FMLA and Wages, which are Federal causes of action over which this Court has original federal question jurisdiction").

With regard to timing, Plaintiff argues that Defendant removed the case from state court on Friday, May 20, 2022 solely in order to avoid a hearing on the Motions to Quash that had been scheduled for Monday, May 23, 2022.[4] The proximity of the removal to the date of the hearing on the Motions to Quash may lend credence to Plaintiff's argument, and Defendant does not appear to deny Plaintiff's allegation regarding her motivation for removal as much as she contends that the state court hearing "was in fact never scheduled and added

---

[4] As mentioned above, Plaintiff's counsel served a notice for that hearing on May 13, 2022.

11

to the calendar," Doc. 12-1 at 1, and that Plaintiff did not comply with the local state court rules regarding scheduling the hearing. Doc. 17 at 8-9.

However, pursuant to 28 U.S.C. § 1446 (b)(1), a defendant is required to file a notice of removal within 30 days after it receives a copy of the initial pleading or summons. In this case, Defendant states that she received a copy of Plaintiff's Complaint along with a summons on April 25, 2022, Doc. 1 at 1, which means that any removal must have been completed by May 25, 2022 and that her removal on May 20, 2022 was timely.

Under these circumstances, and particularly in light of Defendant's *pro se* status, the undersigned will recommend that, in its discretion, the District Court deny Plaintiff's request for fees and costs.

12

Case 1:22-cv-00100-MOC-WCM    Document 20    Filed 08/09/22    Page 12 of 14

### III. Recommendation

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's Motion to Remand (Doc. 9) be **GRANTED** and this matter be **REMANDED** to the General Court of Justice, Superior Court Division for Haywood County, North Carolina.
2. Defendant's request for sanctions be **DENIED.**
3. Plaintiff's request for an award of fees and costs be **DENIED**.

Signed: August 9, 2022

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).